[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Groce*, Slip Opinion No. 2020-Ohio-6671.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6671

THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v*. GROCE, APPELLEE AND CROSS-APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Groce*, Slip Opinion No. 2020-Ohio-6671.]

*Criminal law—R.C. 2923.32—Engaging in a pattern of corrupt activity—The existence of an enterprise is established by showing that the organization is fully operational and engaging in a pattern of illicit activity—The time frame for the commission of a pattern of criminal conduct is sufficient when the evidence shows that the corrupt activity is neither isolated nor so closely connected to be considered a single offense—Court of appeals' judgment reversed and cause remanded.*

(No. 2019-0594—Submitted July 21, 2020—Decided December 16, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 18AP-51, 2019-Ohio-1007.

_____

**O'CONNOR, C.J.**

{¶ 1} In this discretionary appeal, we consider whether appellant and cross-appellee, the state of Ohio, presented evidence sufficient to support the conviction of appellee and cross-appellant, Drakkar D. Groce, for the felony offense of engaging in a pattern of corrupt activity under R.C. 2923.32. Because we conclude that it did, we reverse the judgment of the Tenth District Court of Appeals.

## Factual and Procedural Background

{¶ 2} The trial court held a joint jury trial for Groce and codefendants, Alvin C. Dent Jr. and William L. Walker Jr. The evidence presented at their trial is described in *State v. Dent*, __ Ohio St.3d __, 2020-Ohio-6670, __ N.E.3d __, ¶ 2-12.

{¶ 3} The jury found Groce, Dent, and Walker each guilty of engaging in a pattern of corrupt activity, possessing cocaine, illegally manufacturing drugs, and trafficking in cocaine. Groce's conviction for engaging in a pattern of corrupt activity is the focus of this appeal.[1] Dent's and Walker's convictions for the same offense are the subject of separate appeals, which were considered together in *Dent*.

{¶ 4} Groce appealed to the Tenth District Court of Appeals and argued that his conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence. The court of appeals agreed and reversed that conviction. *State v. Groce*, 2019-Ohio-1007, 133 N.E.3d 930 (10th Dist.).[2]

---

1. The jury also found Groce guilty of one count of possessing cocaine, one count of illegally manufacturing drugs, and five counts of trafficking in cocaine, along with the accompanying firearm specifications for each conviction. The trial court sentenced Groce to an aggregate prison term of 28 years.

2. In his appeal to the Tenth District, Groce raised assignments of error largely identical to those raised by Walker in his appeal to the Tenth District. The court of appeals' decision in Groce's case is materially similar to the decision in Walker's case. *Compare State v. Groce*, 2019-Ohio-1007, 133 N.E.3d 930 (10th Dist.), *with State v. Walker*, 2019-Ohio-1458, 135 N.E.3d 444 (10th Dist.) (conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence).

{¶ 5} The state sought this court's discretionary review on the following proposition of law:

> The existence of an enterprise under R.C. 2923.31(C) is established by showing the organization is fully operational and engaging in a pattern of illicit activity. The time frame for the commission of a pattern of criminal conduct is sufficient where the evidence shows the corrupt activity is neither isolated or so closely connected to be considered a single offense. R.C. 2923.31(E).

We accepted the state's discretionary appeal. 157 Ohio St.3d 1439, 2019-Ohio-4211, 132 N.E.3d 700. We also accepted Groce's cross-appeal on the following proposition of law, which is similar to the state's proposition of law:

> To sustain a conviction for a violation of R.C. 2923.32, the corrupt activity statute, the State must prove that the defendant engaged in continuous criminal activity for a time period sufficient in length to permit him and his associates to pursue the enterprise's criminal purpose.

*Id.*

## Analysis

{¶ 6} The state's proposition of law is identical to the one this court reviewed in *Dent*, __ Ohio St.3d __, 2020-Ohio-6670, __ N.E.3d __, which presented a sufficiency-of-the-evidence question. The proposition of law in Groce's cross-appeal also raises the same issue. And because Groce was a codefendant in the joint trial with Dent and Walker, the record here is the same one

that this court considered in *Dent*. Viewing this record in light of our analysis in *Dent*, which we incorporate herein, we reverse the Tenth District's judgment.

{¶ 7} The statute setting forth the felony offense of engaging in a pattern of corrupt activity states that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." R.C. 2923.32(A)(1). "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541 (1997). Therefore, our review is de novo. *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 3. In a sufficiency-of-the-evidence inquiry, the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

{¶ 8} As we concluded in *Dent*, viewing the evidence in the light most favorable to the prosecution as we must, a rational juror could reasonably conclude that Groce, Dent, and Walker were not strangers to each other or to the drug activities that had been occurring at the house. All three understood the purpose of their joint activities to manufacture and sell cocaine out of the house on Greenway Avenue. Thus, we conclude that sufficient evidence demonstrates a purpose and relationship relating to their illegal activities. We also conclude that a rational juror could have found beyond a reasonable doubt that Groce participated in an association-in-fact enterprise with sufficient longevity to further its purpose.

{¶ 9} With respect to the existence of a pattern of corrupt activity, we conclude that a rational juror could reasonably infer from the activity and interactions observed in the video-surveillance evidence that Groce's activity in the house with Dent and Walker was not isolated to a single day or a single drug transaction. Taking the evidence together, and viewing it in a light most favorable to the prosecution as we must, we conclude that a reasonable juror could have found beyond a reasonable doubt that Groce was not a stranger to Dent and Walker or to the operations occurring at the house, and that he participated in incidents of illegal activity that were not isolated and established a pattern of corrupt activity.

**Conclusion**

{¶ 10} For the foregoing reasons, and based on our decision in *Dent*, __ Ohio St.3d __, 2020-Ohio-6670, __ N.E.3d __, we reverse the Tenth District's judgment that Groce's conviction for engaging in a pattern of corrupt activity was not supported by sufficient evidence. Because the Tenth District determined that its conclusion on that issue mooted other issues raised in Groce's appeal, *State v. Groce*, 2019-Ohio-1007, 133 N.E.3d 930, at ¶ 90, we remand the case to the court of appeals for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DONNELLY and STEWART, JJ., dissent for the reasons stated in Justice Donnelly's dissenting opinion in *State v. Dent*, __ Ohio St.3d __, 2020-Ohio-6670, __ N.E.3d __.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Kimberly M. Bond, Assistant Prosecuting Attorney, for appellant and cross-appellee.

Dennis C. Belli, for appellee and cross-appellant.

_____