[Cite as *Brand v. Ogle*, 2020-Ohio-3219.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

Allen P. Brand,          :        Case No. 19CA8

     Plaintiff-Appellant,      :

v.                                :        <u>DECISION AND</u>
                                           <u>JUDGMENT ENTRY</u>

Ralph E. Ogle,            :

     Defendant-Appellee.     :        **RELEASED 6/04/2020**
_____
<u>APPEARANCES</u>:

Ryan Shepler, Kernen & Shepler, LLC, Logan, Ohio, for appellant.
_____
Hess, J.

{¶1}    Allen Brand appeals from a judgment of the Hocking County Municipal Court dismissing his complaint against Ralph Ogle for trespass and conversion of a tree trunk. Brand contends that the trial court's decision was contrary to law. For the reasons that follow we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTS

{¶2}    In August 2018, Brand filed a small claims complaint against Ogle, essentially asserting claims for trespass and conversion. Specifically, Brand alleged that Ogle had engaged in "[t]imber theft, where subject trespassed onto my property and admits cutting and taking the trunk of a high value 32" red oak tree growing entirely on my property but suffering storm damage and lying across two other property lines." Brand sought $5,359 in damages plus interest and costs.

{¶3} A magistrate conducted a trial at which Brand testified that he owns a 120-acre property in Hocking County. Brand claimed that in May 2018, he learned that a 32-inch diameter healthy red oak tree that had been growing on his property had suffered storm damage, fallen, and partly landed on the properties of Dennis Kallimanis and Norma Kessler. Brand saw remnants of the fallen tree but the trunk was missing. He introduced into evidence an incident report from the Hocking County Sheriff's Office stating that Ogle told an officer that sometime around September or November of 2017, "he cut the tree out of Mrs. Kessler[']s [f]ence, and fixed the fence so that her live stock could not get out, and that he cut the stump of the tree off at the fence." Brand submitted photographic evidence which he claimed showed the tree trunk had actually been cut off on his property. Brand testified that Ogle did not have his permission to take the tree trunk and submitted statements from Kallimanis and Kessler stating that they did not give permission either. Brand also submitted a Timber Trespass Natural Resource Damage Assessment, Appraisal, Evaluation and Costs Estimation Report from Ohio Foresters, LLC, that appraised the tree at $1,209 (assuming Brand was entitled to treble damages pursuant to R.C. 901.51) and gave estimates for two options for property reforestation/restoration ranging from $515 to $4,150.

{¶4} Ogle testified that he lives with Kallimanis's sister on property she owns near Brand's property. Ogle testified that the tree "[m]ashed" down a fence, allowing Kessler's cows to escape and come near Ogle's residence. According to Ogle, after the tree had laid on the ground for several months, it was cut at the fence line, and he "stuck [the fence] back up," hauled away part of the tree, and sold it for "around $600." Ogle testified that he did not enter Brand's property and argued that without a survey,

Brand could not prove the tree was from his property. Ogle was not aware that anyone contacted Brand about the fallen tree and admitted that he did not have an agreement with anyone to take the tree. Ogle submitted a statement from Kallimanis explaining he told Ogle not to take the tree because he thought Brand would cause trouble, suggesting the location of Brand's property line was uncertain without a survey, and detailing harassment by Brand.

{¶5} The magistrate found that the tree had been growing on Brand's property until it blew over due to storm damage and partly landed on the Kallimanis and Kessler properties. The magistrate concluded that R.C. 901.51 did not apply because the tree had been blown down, not cut down. The magistrate rejected Brand's trespass claim finding "no act of trespass occurred" because Brand never saw Ogle on his property and Ogle testified that "he was never on the Brand land, and that he removed the part of the tree at the fence line." The magistrate found that Brand's damages report did not apply because it "was based on intentional trespass and natural resource damage." The magistrate also stated:

> The law in Ohio is clear, if the owner of the tree on his property does not have notice of the tree's dangerous condition, as in the case at bar, then that landowner does not have any liability to adjoining landowners for damages. And therefore, it is the adjoining landowner that is responsible for the damage caused and for the clean up of any tree on their own property. Rababy v. Metter, 30 N.E.3d 1018 (2015). See also, Nationwide Insurance v. Jordan, 64 Ohio Misc 2d 30 (1994).
>
> * * * In the case at bar, it was the adjoining property owners' responsibility to remove the tree at their own expense. Mr. Ogle did both property owners a favor by removing part of the tree on the respective properties and temporarily fixing the Kessler fence so that the animals could not get out.

[R. 42]  The magistrate noted that Ogle "did not testify as to how much money he had invested in removing the large tree," but "[i]t may have been well over" the $600 he received for it. The magistrate recommended that the trial court dismiss the case because Brand "failed to provide any reliable evidence to establish that he is entitled to any measure of damages under Ohio law."

{¶6}  Brand filed objections to the magistrate's decision. The trial court overruled the objections and issued a judgment entry adopting the magistrate's decision.  Brand moved for a new trial, transfer to the general division of the court, leave to amend his complaint, and reconsideration.  The court dismissed his motion.  Brand appealed the trial court's judgments, and we dismissed for lack of a final, appealable order because when the trial court adopted the magistrate's decision, it failed to enter judgment through a separate and distinct entry, so the parties could not determine their rights and obligations without reviewing the magistrate's report. Subsequently, the trial court issued a judgment entry adopting the magistrate's decision, granting judgment in favor of Ogle, and dismissing the case with costs to Brand.  This appeal followed.

## II.  ASSIGNMENT OF ERROR

{¶7}  Brand assigns the following error for our review:  "The trial court's decision to dismiss Mr. Brand's small claims complaint was contrary to law."

## III.  LAW AND ANALYSIS

{¶8}  Brand contends that the decision to dismiss his complaint was contrary to law because "the trial court failed to cite and apply the correct legal standard" to the facts of this case.  Although Brand states that he "disputes the trial court's finding that

Mr. Ogle did not trespass on the Brand property," he did not present a specific argument against the dismissal of his trespass claim. Instead, he focuses on the dismissal of his conversion claim, asserting that the trial court's reliance on premises liability caselaw is misplaced because it "does not address the issue of ownership of the tree." Brand maintains that he is the "true owner" of the tree because he is the person "on whose property the tree was rooted." Brand asserts that he did not abandon the tree, which he did not know had fallen "until after it was stolen." Brand asserts that "[t]o the extent that an adjoining landowner would have had the privilege to remove Mr. Brand's fallen tree," the privilege does not apply to Ogle because he is not an adjoining landowner and did not have permission from the adjoining landowners to remove the tree.

{¶9} The issue whether the trial court applied the correct legal standard is a question of law we review de novo. *In re Name Change of Rowe*, 4th Dist. Scioto No. 18CA3837, 2019-Ohio-4666, ¶ 16.

{¶10} "Conversion is 'the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.' " *Allan Nott Ents., Inc. v. Nicholas Starr Auto, L.L.C.,* 110 Ohio St.3d 112, 2006-Ohio-3819, 851 N.E.2d 479, ¶ 36, quoting *Joyce v. Gen. Motors Corp.,* 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). "To prevail on a conversion claim, a plaintiff must show: (1) ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of the plaintiff's property right, and (3) damages." *Bender v. Logan,* 2016-Ohio-5317, 76 N.E.3d 336, ¶ 74 (4th Dist.).

{¶11} When Ogle took the tree trunk, Brand owned the tree even though he did not have actual possession of the entire tree. The trial court found that the tree was growing on Brand's land before it fell. While the tree was growing on Brand's land, Brand owned it as part of his real property. *See Hirth v. Graham*, 50 Ohio St. 57, 64-65, 33 N.E. 90 (1893) (explaining that "growing timber is regarded as an integral part of the land upon which it stands; it is not subject to levy and sale upon execution as chattel property; it descends with the land to the heir, and passes to the vendor with the soil" and that "the legal character * * * of growing timber, is that of realty"). Once the tree was severed from the land, it became personal property. *See id.* at 65.

{¶12} The trial court misapplied premises liability law to Brand's conversion claim. It is true that if a tree falls, the tree owner is not liable to neighboring landowners in a negligence action if the tree owner lacked "actual or constructive notice of a patent danger that the tree would fall," because without such notice, the owner does not owe a duty of care to his neighbors. *Wertz v. Cooper*, 4th Dist. Scioto No. 06CA3077, 2006-Ohio-6844, ¶ 12. However, the fact that any negligence action against Brand by his neighbors would likely have failed due to a lack of notice of the tree's dangerous condition did not somehow result in a transfer in ownership of the part of the tree that landed on their properties

{¶13} The trial court did not find, nor does the evidence show, that Brand abandoned the fallen tree. Abandoned property is " 'property over which the owner has relinquished all right, title, claim, and possession with the intention of not reclaiming it or resuming its ownership, possession or enjoyment.' " *Pancake v. Pancake*, 4th Dist. Lawrence No. 11CA15, 2012-Ohio-1511, ¶ 10, quoting *Doughman v. Long,* 42 Ohio

App.3d 17, 21, 536 N.E.2d 394 (12th Dist.1987). " 'Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent.' " *Id.*, quoting *Davis v. Suggs*, 10 Ohio App.3d 50, 52, 460 N.E.2d 665 (12th Dist.1983). The record contains no evidence that Brand intended to abandon the fallen tree. Brand testified that he did not know the tree had fallen until after Ogle had taken the trunk, and nothing in the record contradicts that testimony.

{¶14} Ogle wrongfully disposed of the tree trunk. Ogle did not have Brand's permission to take it. Any privilege Kallimanis and Kessler had to remove the portion of the tree that encroached on their property is immaterial because even if Ogle did Kallimanis and Kessler "a favor" by removing the tree trunk, Ogle did not have their permission to take it. *See generally Rababy v. Metter*, 2015-Ohio-1449, 30 N.E.3d 1018, ¶ 14 (8th Dist.), quoting *ALH Properties, P.L.L. v. ProCare Auto. Serv. Solutions, L.L.C.*, 9th Dist. Summit No. 20911, 2002-Ohio-4246, ¶ 18 (" 'A privilege existed at common law, such that a landowner could cut off, sever, destroy, mutilate, or otherwise eliminate branches of an adjoining landowner's tree that encroached on his land' "). [R. 42; Tr. 20]

{¶15} Brand suffered damages because he was deprived of the value of his tree. "The general rule for the measure of damages in a conversion action is the value of the property at the time of conversion." *Wright v. Miller*, 4th Dist. Highland No. 752, 1991 WL 37926, *4 (Mar. 11, 1991). "Ordinarily, the method of ascertaining the value of converted goods is done by determining the market value of those goods." *Id.* Although the trial court rejected Brand's damages report, Ogle admitted that he sold the

tree for $600. Even if Ogle could have sought a credit for expenses incurred to remove the tree, there is no evidence as to what those expenses were.

**{¶16}** Brand established all of the elements of a conversion claim and is entitled to a judgment in his favor on that claim. Accordingly, we sustain the sole assignment of error, reverse the portion of the trial court's judgment dismissing the conversion claim, and remand for further proceedings consistent with this opinion. We affirm the trial court's judgment in all other respects.

JUDGMENT AFFIRMED IN PART
AND REVERSED IN PART.
CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART and REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
         Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**