[Cite as *State v. Vanpernis*, 2022-Ohio-4563.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 22CA3 |
| Plaintiff-Appellee, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| v. | : | |
| Randall W. Vanpernis, | : | **RELEASED 12/15/2022** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

W. Joseph Edwards, The Law Office of W. Joseph Edwards, Columbus, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

_____

Hess, J.

{¶1}     Randall W. Vanpernis[1] appeals the judgment of the Lawrence County Court of Common Pleas convicting him of two counts of gross sexual imposition.  In his sole assignment of error, Vanpernis contends that the evidence was insufficient as a matter of law to support the convictions because the state failed to offer sufficient evidence that he actually touched an erogenous zone of the victim. After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

---

[1] The record contains multiple instances of both spellings, "Vanpernis" and "VanPernis."

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}   The Lawrence County grand jury indicted Vanpernis on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony.  He pleaded not guilty, waived a jury trial, and the matter proceeded with a bench trial.

{¶3}   The victim's mother testified that in mid-December 2020, she became aware through conversations with neighbors that Vanpernis may have been engaged in inappropriate sexual activity with the victim, 11-year-old O.B. Law enforcement officials were notified.

{¶4}   Detective Sergeant Bollinger and Sergeant Chaffins conducted a video and audiotaped interview of Vanpernis and it was introduced at trial. Initially, Vanpernis admitted to "cuddling on the couch" with O.B. Then Vanpernis stated that O.B. physically grabbed his penis while they were watching a movie and he pushed her off him and told her to leave him alone.  Vanpernis also stated that O.B. would be "rubbing around on me big time" but he denied putting his hands in her pants. He denied touching O.B.'s vagina skin-to-skin and stated that he did not touch it "with intention."  Vanpernis stated that O.B. would stretch up, cuddle up, and try "to get my hand on her where she wants it." He admitted that O.B. was rubbing her vagina on his hand, but it was not skin-to-skin. When asked, "So when you told [Detective Bollinger] about how, about how the most you'd ever rubbed it [O.B.'s vagina] thru her clothes was for about a second or two, is that the truth?" Vanpernis responded, "The whole truth." Later in the interview, Detective Bollinger states, "Okay, but you're bullshitting us. You're not telling us * * * everything that happened with [O.B.]." Vanpernis responded, "I told you I rubbed her."  Vanpernis stated that he rubbed O.B.'s vagina over her pajama shorts for "about a half of a second. And that's as far as I

ever went." Vanpernis also admitted that O.B.'s pajama shorts were short and he was rubbing skin-to-skin on her leg. Finally, Vanpernis admitted to rubbing O.B.'s vagina:

Bollinger: How many times did you rub her bare vagina?

Vanpernis: One time, not with my bare hands.

Bollinger: No, don't tell me, you know that that's bad.

Vanpernis: I should have waited until you finished your question.

Bollinger: Yeah, but, no, you did rub her bare vagina. But was it only once, or was it a bunch of times?

Vanpernis: There was not much [sic] of times, no.

Bollinger: One time?

Vanpernis: One time, yeah.

**{¶5}** O.B. testified that Vanpernis taught her how to search for pornography on the Internet and that he touched her inappropriately. She testified Vanpernis touched her vagina with his hand and that this touching occurred on multiple occasions on the living room couch, her room, and his room. She testified that Vanpernis touched her vagina with his hand inside her pajamas. O.B. also testified that Vanpernis would force her to touch his penis with her hand and move it back and forth, which was something that she watched happen in videos.

**{¶6}** At the close of the state's case, Vanpernis made a Crim.R. 29(A) motion for a judgment of acquittal, which the trial court denied. Vanpernis testified in his own defense and denied that he ever touched O.B. inappropriately. The judge found him guilty as charged. The trial court sentenced him to a consecutive total of 108 months in prison and ordered him to register as a Tier II Sexual Offender.

## II.  ASSIGNMENT OF ERROR

**{¶7}**   Vanpernis designates one assignment of error:

The evidence in this case was insufficient as a matter of law to support the conviction of appellant and as such, appellant's rights under the Fifth Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution were violated. (Record reference: Appellant pp. A1-A6)

## III.  LAW AND ANALYSIS

**{¶8}**   Vanpernis contends that the state failed to offer sufficient evidence of the "sexual contact" element of gross sexual imposition.  Vanpernis asserts the state failed to introduce evidence that his "hand actually touched an erogenous zone" of O.B. and, more specifically, the state "never adduced evidence that there was 'skin-to-skin' touching nor did the State adduce evidence that the touching was done for purposes of sexual gratification."

**{¶9}**   "A claim of insufficient evidence invokes a due process concern and raises a question of whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Halfhill*, 4th Dist. Gallia No. 21CA4, 2022-Ohio-3242, ¶ 16, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing the sufficiency of the evidence for a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  "A sufficiency assignment

of error challenges the legal adequacy of the state's prima facie case, not its rational

persuasiveness." *State v. Anderson*, 4th Dist. Highland No. 18CA14, 2019-Ohio-395, ¶

13. "That limited review does not intrude on the jury's role 'to resolve conflicts in the

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to

ultimate facts.' " *Musacchio v. United States*, 577 U.S. 237, 243, 136 S.Ct. 709, 193

L.Ed.2d 639 (2016), quoting *Jackson* at 319. "Therefore, our review is de novo." *State v.*

*Groce*, 163 Ohio St.3d 387, 2020-Ohio-6671, 170 N.E.3d 813, ¶ 7.

{¶10} Vanpernis was convicted of two counts of gross sexual imposition in

violation of R.C. 2907.05(A)(4), which states:

> No person shall have sexual contact with another, not the spouse of the
> offender * * * when any of the following applies:
>
> (4) The other person, or one of the other persons, is less than thirteen years
> of age, whether or not the offender knows the age of that person.

{¶11} " 'Sexual contact' means any touching of an erogenous zone of another,

including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a

female, a breast, for the purpose of sexually arousing or gratifying either person." R.C.

2907.01(B). Contrary to Vanpernis's contention, we have long held that the touching does

not have to be "skin-to-skin" contact, but can include touching over clothing. *State v.*

*Young,* 4th Dist. Athens No. 96 CA 1780, 1997 WL 522808, *4 (Aug. 15, 1997) ("the

definition of 'sexual contact' in R.C. 2907.01(B) should be interpreted to include touching

of erogenous zones covered by clothing"); *see also State v. Robertson*, 3d Dist. Henry

No. 7-14-16, 2015-Ohio-1758, ¶ 22 (compiling decisions from various Ohio appellate

districts holding that "sexual contact does not require that the offender have skin-to-skin

contact with an erogenous zone of the victim; a touching of an erogenous zone covered by the victim's clothing is sufficient").

{¶12} After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of gross sexual imposition proven beyond a reasonable doubt. There is evidence that Vanpernis had sexual contact with O.B., who was not his spouse and was less than 13 years of age, by touching her vagina. He admitted to rubbing her vagina at least one time during his interview with law enforcement officials. Additionally, O.B. testified that he touched her vagina with his hand under her pajamas on multiple occasions while the two were cuddling or watching videos. Given these circumstances, any rational trier of fact could have found that Vanpernis had sexual contact with O.B.

{¶13} Additionally, the evidence supports the trial court's finding that the touching occurred for the purpose of sexual gratification. We explained the proof of sexual gratification as follows:

> Proof of sexual gratification generally must be accomplished by inference rather than by direct evidence. See *State v. Cobb* (1991), 81 Ohio App.3d 179, 185, 610 N.E.2d 1009, 1012. In *Cobb*, the court noted that: "[T]he proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *Id. See, also, In re Anderson* (1996), 116 Ohio App.3d 441, 688 N.E.2d 545; *In re Salyers* (June 10, 1998), Ross App. Nos. 97CA2312 and 2319 [1998 WL 321591]; *In re Bloxson* (Feb. 6, 1998), Geauga App. No. 97–G–2062 [1998 WL 172998] (stating that "[a] sexual purpose can be inferred from the

nature of the act itself if a reasonable person would find that act sexually stimulating to either the offender or the victim").

(Brackets sic.) *In re Higginbotham*, 4th Dist. Lawrence No. 04CA26, 2004-Ohio-6004, ¶ 18; *In the Matter of R.C.*, 153 N.E.3d 538, 2020-Ohio-1486, ¶ 59 (4th Dist.).

**{¶14}** Here, the court determined that the touching was done for the purpose of sexual arousal or gratification. Although there is no direct evidence of Vanpernis's sexual motivation, sufficient evidence exists from which the trial court reasonably could have inferred that he committed the act for purposes of sexual arousal or gratification. A reasonable person could conclude that Vanpernis's touching of O.B.'s vagina constituted contact for purposes of sexual gratification or arousal as it occurred during "cuddling" and there is no innocent explanation for this behavior.

**{¶15}** For the foregoing reasons, we conclude that the state presented sufficient evidence to support a conviction for gross sexual imposition. Accordingly, we overrule his sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**